LABORDE, DEMANDANTE Y APELADO, *v.* LÓPEZ, DEMANDADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao
en pleito sobre indemnización.

No. 2228.—Resuelto en julio 23, 1920.

DAÑOS Y PERJUICIOS POR INCUMPLIMIENTO DE CONTRATO.—Alejandro Laborde de-
mandó a Patricio López pidiéndole $2,695.50 por indemnización de perjui-
cios fundado en que habiéndose encargado aquél de cobrar de por mitad

para ambos un crédito de $5,391 perteneciente a López, el contrato quedó incumplido por culpa de éste. Estando conforme Laborde en que él ofreció el crédito al deudor por el 65 por ciento de su valor, es preciso concluir que los perjuicios sufridos por Laborde solo alcanzan al 15 por ciento del valor total del crédito, o sea a $808.65.

Los hechos están expresados en la opinión.

Abogados del apelante: Sres. *J. B. Huyke* y *F. González.*

Abogado del apelado: *Sr. M. Tous Soto.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Patricio López suscribió una carta el 19 de abril de 1914 autorizando à Alejandro Laborde para que gestionase el cobro de $5,391 que le debía la corporación "Borinquen Sugar Company" por arrendamiento de tierras comprometiéndose a aceptar como pago de esa cantidad el cincuenta por ciento de su crédito y manifestando que lo demás que cobrase Laborde sería para éste como compensación de los servicios y gestiones que hiciera para el cobro.

Posteriormente Laborde demandó a López para que le pagase la cantidad de $2,695.50 como indemnización de los perjuicios que alegó haber sufrido por haberle retirado el demandado la autorización que le había conferido en dicha carta después de haber comenzado las gestiones para el cobro. El demandado no negó la obligación contenida en dicha carta pero alegó que la entregó al demandante con la condición de que no hiciera uso de ella en tanto que Pedro Más firmara una carta igual autorizando al demandante Laborde para el cobro del crédito que también tenía contra la "Borinquen Sugar Company," que tal carta no fué firmada por Pedro Más, quien no dió autorización de ninguna clase al demandante, y que al saber la noticia de que el demandante no había obtenido autorización de Más, indicó a Laborde que cesara en sus gestiones.

La cuestión de derecho en cuanto a la suficiencia de la demanda fué resuelta por nosotros en grado de apelación (*Laborde* v. *López,* 23 D. P. R. 99) por la opinión que se escribió en el caso de *Laborde* v. *Toro,* 23 D. P. R. 92. Decla-

rada suficiente la demanda volvió el caso a la corte inferior donde se celebró el juicio y recayó sentencia declarando con lugar la demanda; sentencia que revocamos, por estimar que el juez inferior debió tomar en consideración para su fallo la evidencia presentada con respecto a la condición que alega el demandado en cuanto a la obligación que suscribió y de cuya prueba prescindió la corte inferior al dictar su sentencia. *Laborde* v. *López,* 26 D. P. R. 534.

Vuelto otra vez el caso a la corte inferior las partes le sometieron para su decisión la misma prueba que antes habían presentado y dictada nueva sentencia declarando con lugar la demanda y condenando al demandado a pagar al demandante la cantidad que le reclama más las costas, desembolsos y honorarios de abogado, interpuso el presente recurso de apelación.

Para sostenerlo alega el apelante que la corte inferior cometió error al dictar sentencia que no está sostenida por la prueba, condenando al demandado al pago de la suma reclamada, costas y honorarios de abogado, cuando se trata de una obligación condicional en que el actor no adquirió derecho alguno a percibir la remuneración concertada por falta de cumplimiento de la condición, infringiendo por tanto el artículo 1088 del Código Civil.

Este pleito está relacionado con otros que por la misma época inició el apelado contra otras personas, especialmente con el que siguió contra Celso Lorenzo, a tal extremo que la prueba que en este último caso presentó el demandante fué admitida como prueba en el de Patricio López y las declaraciones de los testigos se refieren casi siempre a que el apelante dió la autorización contenida en la carta con la misma condición que impuso Celso Lorenzo a dar su autorización a Laborde en iguales términos que la que motiva este pleito.

El demandado apelante presentó en el juicio a los testigos Celso Lorenzo, Francisco Noya y Jaime Alsina, así como una declaración escrita y jurada de Vidal Sánchez (*affidavit*)

consentida por el demandante, tendente a probar que al firmar y entregar la repetida carta Patricio López puso a Laborde la misma condición que había impuesto a Celso Lorenzo, o sea la de que no podía hacer uso de ella si Pedro Más no firmaba también otra autorización igual a Laborde. Esas declaraciones fueron contradichas con la declaración de Alejandro Laborde.  También declaró Patricio López.

La prueba respecto a la condición alegada por el demandado apelante resultó contradictoria y habiendo el juez resuelto el conflicto de ella haciendo uso de la facultad discrecional que le concede la ley no se nos ha demostrado ni alegado que obrara influído por pasión, prejuicio o parcialidad o con manifiesto error y hemos de sostener su decisión en este particular y no podemos, por tanto, declarar que ha cometido el error que se alega.

El otro motivo del recurso se funda en que la prueba no sostiene la condena de pagar $2,695.50.

En verdad no se practicó prueba respecto a la cuantía de los perjuicios que se alegan ser de $2,695.50 por ser, sin duda el cincuenta por ciento de la cantidad que correspondía a Laborde por los servicios que había de prestar y que empezó a prestar; y si bien Patricio López cobró íntegramente su crédito por mediación de otras personas también lo es que en las gestiones que por él practicó Laborde aceptó que se pagara solamente un sesenta y cinco por ciento del crédito, según su alegación décima de la demanda, por lo que el perjuicio que le ha causado su demandado es solo de un quince por ciento de los $5,391 debidos a López, que es de $808.65.

La sentencia apelada debe ser confirmada aunque modificándola en cuanto a la condena que será por la cantidad de $808.65.

> *Confirmada la sentencia apelada pero modificándola en cuanto a la condena que será por la cantidad de $808.65.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.